PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| AGUSTIN NUNEZ-REYNOSO, | ) | |
| | ) | CASE NO. 4:21-CV-1898 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 27] |

Pending before the Court is *pro se* Plaintiff Agustin Nunez-Reynoso's Motion for Reconsideration of the Court's judgment denying his motion to reopen his case. ECF No. 27. For the following reasons, Plaintiff's Motion for Reconsideration is denied.

### I. Background

Plaintiff filed an amended complaint against the United States pursuant to the Federal Tort Claims Act on March 1, 2022. ECF No. 11. The Court issued an order directing Plaintiff to show cause why his case should not be dismissed for failure to comply with the statute of limitations. ECF No. 19. Plaintiff responded twenty-five days after the Court dismissed his claims. *See* ECF No. 21; ECF No. 22. A week later, Plaintiff then filed a motion to reopen his lawsuit. On May 19, 2023, the Court denied his motion. ECF No. 26 at PageID#: 124. On August 9, 2023, Plaintiff submitted his Motion for Reconsideration of the Court's Order denying Plaintiff's action as time-barred under the applicable statute of limitation pursuant to 28 U.S.C. § 2401(b). ECF No. 27. He argues the action should be reopened based on equitable tolling. ECF No. 27 at PageID#: 128. Defendant argues that Plaintiff's motion should be denied because

(4:21-CV-1898)

(1) Plaintiff's claim is untimely; and (2) Plaintiff failed to provide a proper justification for his motion. ECF No. 29 at PageID#: 173–74. Plaintiff did not file a reply.[1]

## II. Analysis

"Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling." *Jefferson v. Security Pac. Fin. Services, Inc.*, 162 F.R.D. 123, 125 (N.D. Ill. 1995). Fed. R. Civ. P. 59(e) provides "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Generally, when a party files a "motion to reconsider" a final order or judgment within 28 days of its entry, the motion is to be construed as a motion to alter or amend judgment pursuant to Rule 59(e). *See, e.g.*, *Inge v. Rock Financial Corp.*, 281 F.3d 613, 617 (6th Cir. 2002).

Here, the instant motion was filed more than two months after the denial of Plaintiff's motion to reopen – well beyond the 28-day period authorized for filing a Rule 59(e) motion. Pursuant to Fed. R. Civ. P. 6(b)(2), a court "must not extend the time to act" under Rule 59(e). Therefore, Plaintiff's Motion for Reconsideration is denied as untimely.

Even if Plaintiff had filed a timely Rule 59(e) motion, the motion fails on the merits because Plaintiff is not entitled to equitable tolling, seeks to present reasoning previously considered and denied by the Court, and offers arguments based on facts known at the time that he filed his Motion to Reopen. *See Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (stating that a Rule 59(e) motion may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice). Plaintiff does not satisfy the requirement for a Rule 59(e) motion, and

---

[1] A reply is permitted not required.

2

(4:21-CV-1898)

accordingly fails to satisfy the more stringent standard for a Rule 60(b) motion.  See *Feathers v. Chevron U.S.A. Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 27) is denied. The matter is closed.

Plaintiff is cautioned against continuing to file futile motions on matters already decided. Such filings may lead the Court to take action, including, but not limited to, designating Plaintiff as a vexatious litigator and imposing prefiling restrictions.  See *Feathers v. Chevron*, 141 F.3d 264, 269 (6th Cir. 1998) (affirming district court's ability to impose prefiling restrictions in vexatious cases); *Viola v. Ohio Attorney General*, No. 1:20cv765, 2021 WL 510746, at *30 (N.D. Ohio Feb. 11, 2021) (denying motion to declare pro se plaintiff a vexatious litigator because no previous warning had been given).

IT IS SO ORDERED.

| January 17, 2024 | /s/ Benita Y. Pearson |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |

3